IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KRISTINA R QUARLES                                                              PETITIONER
ADC #760441

5:15-cv-00275-JTK

WENDY KELLEY, *Director*,                                                       RESPONDENT
Arkansas Department of Correction

## MEMORANDUM AND ORDER

Petitioner Kristina Quarles, an inmate of the Arkansas Department of Correction ("ADC"), filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after pleading nolo contendere to fraudulent use of a credit or debit card, theft of property, and three counts of second-degree forgery in the Jefferson County, Arkansas, Circuit Court. (Doc. No. 1.) On October 20, 2015, the district judge reassigned this case to the Court based on the parties' consent. (Doc. No. 9.) For the following reasons, Ms. Quarles's petition is denied as procedurally defaulted.

I.   PROCEDURAL HISTORY

On July 16, 2014, Ms. Quarles pleaded nolo contendere to fraudulent use of a credit or debit card, theft of property, and three counts of second-degree forgery. (Doc. No. 10-3 at 29.) She agreed to serve fifteen years for the fraudulent use of a credit card, twelve years for theft of property, and fifteen years on each count of forgery. (*Id.* at 25.) She agreed that all sentences would run concurrently, and when she is released from parole, she will serve a 10-year suspended imposition of sentence. (*Id.*). She also agreed that she owed $1,040 of restitution to the Fordyce Bank & Trust and $33,427.77 of restitution to Ed and Bobbie Gray or the

appropriate credit card company. (*Id.* at 27.) On July 31, 2014, the court filed its sentencing order, reflecting this plea agreement. (Doc. No. 10-4 at 51.)

On September 8, 2014, Ms. Quarles filed a petition for reduction of sentence in the Jefferson County Circuit Court. (*Id.* at 58.) She argued that the prosecutor was a previous legal advisor to Ms. Quarles, and they had a personal relationship, causing a conflict of interest. (*Id.* at 87.) Additionally, she argued that the sentence was excessively harsh. (*Id.*). On October 8, 2014, the circuit court denied Ms. Quarles's petition. (*Id.* at 89.) It construed the petition as one for post-conviction relief under Arkansas Rule of Procedure 37.1 ("Rule 37"). (*Id.*). It held that a prosecutorial misconduct claim is not cognizable in a Rule 37 petition, and her sentence fell within the statutory range of sentences. (*Id.* at 90.)

On November 10, 2014, Ms. Quarles filed a notice of appeal, appealing the denial of her Rule 37 petition. (*Id.* at 91.) However, Ms. Quarles did not file a timely brief. (*See* Doc. No. 10-9.) Therefore, on June 22, 2015, the Arkansas Supreme Court dismissed her appeal. (Doc. No. 10-10.)

On August 28, 2015, Ms. Quarles filed the instant petition for a writ of habeas corpus. (Doc. No. 1.) On November 13, 2015, the Director of the ADC (the "Director") filed a response, asking for Ms. Quarles's petition to be dismissed. (Doc. No. 10.) On December 15, 2015, Ms. Quarles replied to the Director's response. (Doc. No. 17.)

II.   STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id.* at (b)(1)(A). A petitioner "must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.3d 112, 115 (8th Cir. 1992.) Failure to do so will result in her claims being barred "unless she can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." *Id.* at (e)(1).

III.   ANALYSIS

In Ms. Quarles's petition for a writ of habeas corpus, she asserts three grounds for relief: (1) ineffective assistance of trial counsel for failing to request a competency hearing, (2) she pleaded involuntarily without understanding the nature of the charges and consequences of the plea, and (3) ineffective assistance of trial counsel for failing to raise the conflict of interest issue that Ms. Quarles formerly had an intimate relationship with the prosecutor. (Doc. No. 1 at 4-5.)

Ms. Quarles's claims are procedurally defaulted. She did not raise any of these claims in her Rule 37 petition.[1] (Doc. No. 10-4 at 89.) Therefore, these claims should be denied unless she can show cause for the default and actual prejudice as a result of the violation of federal law.

Construed liberally, Ms. Quarles asserts that she did not know she could appeal the denial of her Rule 37 petition, which she claims constitutes cause for her procedural default. (Doc. No. 1 at 3.) Her lack of knowledge regarding the process to appeal her Rule 37 petition cannot constitute cause for failing to raise the issues contained in this petition in her original Rule 37 petition. Additionally, her assertion is not credible because she filed a notice of appeal from the denial of her Rule 37 petition. However, even if Ms. Quarles did not know that she could appeal the circuit court's denial of her Rule 37 petition, she is charged with knowing the law relevant to her habeas claims, including how to exhaust her claims in the state courts. *Weeks v. Bowersox*, 106 F.3d 248, 249 (8th Cir. 1997). Therefore, Ms. Quarles's assertion that she was unaware that she could appeal the circuit court's denial of her Rule 37 petition is not cause for her procedural default.

Ms. Quarles does not assert further allegations of cause for her procedural default. Therefore, her petition is procedurally defaulted, and is denied.

IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2)

---

[1] Even if any of these claims could be liberally construed as being raised in her Rule 37 petition, she failed to properly appeal the denial of her Rule 37 petition to the Arkansas Supreme Court.

(2006). The Court finds no issue on which Ms. Quarles has made a substantial showing of a denial of a constitutional right. Thus, the Court will not issue a certificate of appealability.

V.     CONCLUSION

Ms. Quarles's petition for a writ of habeas corpus (Doc. No. 1) is procedurally defaulted, and is denied with prejudice. The Court will not issue a certificate of appealability.

SO ORDERED this 11th day of January, 2016.

_____
United States Magistrate Judge